STATE OF MAINE                          SUPERIOR COURT
SAGADAHOC, SS.                          CIVIL ACTION
                                        Docket No. CV-2015-15


PAUL BROWN and                )
CHARLOTTE BROWN,              )
              Plaintiffs,      )
                              )
                              )
                              )
        v.                    )        **FINDINGS OF FACT AND**
                              )        **CONCLUSIONS OF LAW**
                              )
STEVEN PERRY,                 )
        Defendant,            )
                              )
                              )
        v.                    )
                              )
                              )
LORA PERRY, CHRIS             )
ENEMARK, JASON RIGGS,         )
and NANCY RIGGS,              )
        Parties in Interest.   )


A bench trial was held in this matter on July 5 and July 7, 2016, concerning a right of way in Georgetown, Maine over the southern portion of former Lot 2, now owned by Defendant Steven and Party in Interest Lora Perry, giving access to Webber Road to former Lot 7 of the Robinhood Trust Subdivision, now owned by Plaintiffs Paul and Charlotte Brown and Parties in Interest Jason and Nancy Riggs. The court also conducted a view of the property in dispute on July 5, 2017. During the trial, the court heard testimony from the parties and from Charles Collins, a contractor and the Road Commissioner for the Town of Georgetown. During the trial, Steven and Lora Perry withdrew the crossclaims that had been brought against Chris Enemark and Jason and Nancy Riggs.

Based on the evidence presented at trial and the legal arguments made by the parties, the court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.      The property rights at issue in this matter concern Lots 2 and 7 in the Robinhood Trust Subdivision Plan approved by the Town of Georgetown Planning Board on January 28, 1982. The original subdivision map is recorded in the Sagadahoc County Registry of Deeds in Plan Book 19, Page 12 (Defendants' Exhibit 19) and further described in a Revision Plan recorded in the Sagadahoc County Registry of Deeds in Plan Book 20, Page 35 (Defendants' Exhibit 20; Plaintiffs' Exhibit 1.)

1

2. Lot 2 of the Robinhood Trust Subdivision Plan is bisected by a strip of land designated on the plan as "50' R/W." It is described by a surveyed centerline. There is currently a traveled way that exists within the right of way designated on the Subdivision Plan.

3. Steven and Lora Perry and Chris Enemark, collectively and separately, are the current owners of the property described as Lot 2 on the Subdivision Plan.

4. Lot 2 is currently two lots divided by the centerline of the strip designated on the Subdivision Plan as "50' R/W." Both Enemark (northerly portion) and Perry (southern portion) have houses on their respective properties that they occupy as their residences. Neither currently uses the traveled way as the primary access to their home.

5. Paul and Charlotte Brown and Jason and Nancy Riggs, collectively and separately, are the current owners of the property described as Lot 7 on the Subdivision Plan.

6. Lot 7 is currently four lots. The Riggs occupy a home on one of the lots. The Browns own a rental home on another lot. Two lots are currently vacant. The only access to the four lots is the travelled way that exists within the right of way designated on the Subdivision Plan.

7. The Defendants conceded at trial that the Browns and the Riggs have a valid right of way across their property. All that is in dispute is whether the right of way is a deeded or prescriptive easement and the extent of the easement rights.

8. In reviewing the Robinhood Trust Subdivision Plan as a whole and when considering the evidence presented at trial, it is apparent to the court that the designated "50' R/W" that bisects Lot 2 was intended by the Robinhood Trust to be reserved as a right of way to allow access to Lot 7. Without the designated right of way, Lot 7 would have been landlocked.

9. The strip of land bisecting Lot 2 is designated on the plan as "50' R/W" is one of the ways laid out in the Robinhood Trust Subdivision Plan.

10. At the time of the creation of the subdivision, there was an old woods road in the approximate location of the right of way designated in the Robinhood Trust Subdivision Plan. Glenn Baldwin, the predecessor in title to the Perrys, used this road as a driveway to the house he built on the southern portion of Lot 2. The road was later extended to Lot 7 by Neil Kinney, a former owner of the southern portion of Lot 7, predecessor in title to the Browns.

11. When the Perrys purchased their property in 1986, they used the existing road to access their home as Baldwin had done.

12. The road, as originally used and later extended, became the travelled portion of the right of way at issue in this case.

2

13.     The road currently varies in width from 9 to 12 feet and is generally flush with the surrounding terrain.

14.     As originally existed, a portion of the travelled way from Webber Road veered off and out of the 50-foot strip designated in the Subdivision Plan.

15.     In 2011, Steven Perry constructed at his own expense his own, separate driveway from Webber Road to his home on his property outside of the 50-foot designed right of way. Since the 2011 construction, the Perrys no longer use the right of way as the primary access to their home. The Perrys now make only occasional use of the road located in the right of way and no evidence was presented that suggests that pattern of use is likely to change.

16.     Steven Perry also arranged at his own expense for the relocation of the beginning portion of the travelled way for Lot 7 so that it would be wholly within the 50-foot right of way. This was done without the consent of the other parties to this action.

17.     Though the Plaintiffs claim that the relocation of the beginning portion of the travelled way degraded the utility of the travelled way, the court declines to make such a finding. Though the current condition of the relocated travelled way is not in good condition, the evidence presented is unclear as to the condition of and utility of the relocated traveled way when it was first constructed. The court is unable to find that the relocated portion of the travel way has not deteriorated in the five years since it was constructed, as claimed by the Defendants, due to use, snow plowing, and lack of maintenance.

18.     Evidence at trial establishes a long history of conflict between Steven Perry and other parties to this action over the use and improvement of the right of way. Steven Perry has consistently resisted improvements being made to the right of way and has threatened action to impede the use of the right of way. He has also placed objects in the right of way that the court concludes were intended to interfere with the use of the right of way including boulders dug up during the relocation of the beginning portion of the travelled way and a snowplow. He has also resisted the removal of trees, stumps, and ledge that interfere with travel over the right of way and has resisted the removal of a cut off telephone poll that is located at the edge of the travelled way.

19.     Steven Perry's aggressive behavior over the years, and his comments at trial, establish that he is likely to continue to attempt to impede the use of the right of way if not enjoined from doing so by this court.

20.     There currently exists a canvas shed and fence within the right of way. These objects were placed in the right of way by Steven Perry. Based on the evidence presented at trial, the court concludes that these objects do not interfere with the use or

maintenance of the right of way. In fact, the fence likely reduces the likelihood of future conflict between the parties[1].

## CONCLUSIONS OF LAW

1.      The 50-foot right of way at issue in this case is one of the ways laid out in the Robinhood Trust Subdivision Plan, which is recorded in the Sagadahoc County Registry of Deeds. Pursuant to 23 M.R.S. § 3031(2), all owners of land shown in the Robinhood Trust Subdivision Plan have acquired a private right-of-way over the way that is at issue in this case.

2.      The Law Court's holding in Brown vs. Carson, 2012 Me. 97, 48 A.3d 224, requiring all subdivision owners, as well as their mortgagees and lienholders, to be joined in litigation is inapplicable to this litigation because the court declines to limit in any way the rights of those not a party to this litigation.

3.      The right of way includes the right to install and maintain all utilities of the type that now, or in the future, may be typically used for residential purposes. The current and future owners of Lot 7 have the right to install and maintain utilities in the right of way.

4.      The Plaintiffs are entitled to make reasonable improvements to the right of way without the consent of the owners of Lot 2. With the further development of Lot 7, the travelled portion of the right of way is expected to need more gravel and improvements to allow for heavier use. A road improved to a uniform width of 12 feet, consistent with the requirements of the Georgetown Subdivision Ordinance (Plaintiff's Exhibit 11), with sloping one foot shoulders and other improvements detailed in the plan proposed by Charles Collins (Plaintiff's Exhibit 5) are the type of reasonable improvements that the Plaintiffs can make without the consent of the owners of Lot 2. Given that Webber Road is only 12 feet wide in many areas near the subject properties, a road wider than 12 feet in the right of way would not be reasonable.

5.      With additional use, the right of way will need to include a turnout area when two vehicles approach each other from opposite directions. Defendant Perry testified that the area near his garage is currently used for this purpose and that this area has adequate sightlines in both directions. Based on this testimony, it is ORDERED that this area be left unobstructed to allow its continued use as a turnout.

6.      The Plaintiffs have the right to maintain and repair the road in the right of way by grading, leveling, adding gravel, repairing potholes, removing bush and trees, installing culverts, creating and maintaining drainage ditches and other measures to protect against water damage, and the right to take any other reasonable measures to maintain the road for its intended use to access residential property.

7.      The snowplow and the half telephone poll currently impede the use of the right of way in the winter and will impede an improved road in the future. Defendant

---

[1] "Good fences make good neighbours." Robert Frost, Mending Wall (1914).

Perry is ORDERED to remove the snowplow and half telephone poll within 30 days of this order. If Defendant Perry does not do so, the Plaintiffs may remove these items and Defendant Perry will be liable for any reasonable costs incurred by the Plaintiffs in doing so.

8.    Defendant Perry is ENJOINED from placing any objects within the right of way that would interfere with the use or maintenance of the road. He is also ENJOINED from interfering with any improvements to or maintenance of the road that is consistent with this order.

9.    Defendant Perry's relocation of the beginning of the road to within the right of way was done lawfully. Because the beginning of the road was not located within the right of way, the consent of the other property owners was not required.

10.    Any conclusion about how future development of Lot 7, beyond the existing 4 lots, would impact the right of way would be entirely speculative and the court declines to make any such findings.

11.    The court does not believe that there is any basis to require Defendant Perry to contribute to the cost of the expected improvements to the road or the future maintenance of the improved road.

12.    Each party shall pay their own costs and attorney's fees.

Any pending motions are made MOOT by this ORDER. This ORDER is a final order of the court in this matter.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

SO ORDERED,

Dated: May 15, 2017

_____
JUSTICE, MAINE SUPERIOR COURT

5

PAUL BROWN  - PLAINTIFF
1411 WASHINGTON STREET
BATH ME 04530
Attorney for: PAUL BROWN
RUFUS BROWN  - RETAINED
BROWN & BURKE
PO BOX 7530
PORTLAND ME 04112-7530

CHARLOTTE BROWN  - PLAINTIFF
1411 WASHINGTON STREET
BATH ME 04530
Attorney for: CHARLOTTE BROWN
RUFUS BROWN  .- RETAINED
BROWN & BURKE
PO BOX 7530
PORTLAND ME 04112-7530


vs
STEVEN PERRY  - DEFENDANT
81 WEBBER ROAD
GEORGETOWN ME 04548
Attorney for: STEVEN PERRY
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

LORA PERRY  - PARTIES IN INTEREST
81 WEBBER ROAD
GEORGETOWN ME 04548

Attorney for: LORA PERRY
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

CHRIS ENEMARK  - PARTIES IN INTEREST
89 WEBBER ROAD
GEORGETOWN ME 04548
JASON RIGGS  - PARTIES IN INTEREST
85 WEBBER ROAD
GEORGETOWN ME 04548

Attorney for: JASON RIGGS
RUFUS BROWN  - RETAINED 01/22/2016
BROWN & BURKE
PO BOX 7530
PORTLAND ME 04112-7530

NANCY PINKHAM  - PARTIES IN INTEREST
85 WEBBER ROAD
GEORGETOWN ME 04548

Attorney for: NANCY PINKHAM
RUFUS BROWN  - RETAINED 01/22/2016
BROWN & BURKE
PO BOX 7530
PORTLAND ME 04112-7530

LOANDEPOT COM - PARTIES IN INTEREST
BATH SAVINGS INSTITUTION - PARTIES IN INTEREST
PO BOX 548
BATH ME 04530

Attorney for: BATH SAVINGS INSTITUTION
BRUCE HOCHMAN  - RETAINED
EATON PEABODY
PO BOX 15235
100 MIDDLE STREET
PORTLAND ME 04112-5235

FANNIE MAE - PARTIES IN INTEREST
3900 WISCONSIN AVE NW
WASHINGTON DC 20016

Attorney for: FANNIE MAE
SHANNON MERRILL  - RETAINED 04/11/2016
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME 04101

Attorney for: FANNIE MAE
PAUL D WEINSTEIN  - RETAINED 07/06/2016
BENDETT & MCHUGH PC
30 DANFORTH ST SUITE 104
PORTLAND ME 04101


Filing Document: COMPLAINT                    Minor Case Type: GENERAL INJUNCTIVE RELIEF
Filing Date: 08/06/2015

## Docket Events:

08/12/2015 FILING DOCUMENT - COMPLAINT FILED ON 08/06/2015

08/12/2015 Party(s):  PAUL BROWN
           ATTORNEY - RETAINED ENTERED ON 08/06/2015
           Plaintiff's Attorney: RUFUS BROWN

           Party(s):  CHARLOTTE BROWN
           ATTORNEY - RETAINED ENTERED ON 08/06/2015
           Plaintiff's Attorney: RUFUS BROWN

08/12/2015 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/06/2015
           ANDREW M HORTON , JUDGE

09/11/2015 Party(s):  STEVEN PERRY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/01/2015